THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00048-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| AKEEM KWAMAN McDAY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for the production of a sentencing transcript at the Government's expense [Doc. 34].

The Defendant pled guilty pursuant to a written plea agreement to one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Docs. 13, 15]. The Court sentenced the Defendant on March 24, 2022 to a term of 55 months' imprisonment. [Doc. 32]. The Defendant did not file a direct appeal.

The Defendant now requests a copy of his sentencing transcript at the Government's expense. [Doc. 34].

As an initial matter, the Defendant's filing is procedurally deficient in several respects. First, the Defendant makes his request through a letter. A

party cannot seek relief through the filing of letters; only motions will be ruled on by the Court.  Further, the Defendant's filing does not include his case number, his name, or his signature.  The Defendant is warned that future filings that are deficient in these respects will be summarily denied.

Turning now to the merits of the Defendant's request, the Defendant has failed to demonstrate a particularized need for the requested transcript. See United States v. MacCollom, 426 U.S. 317, 326-27 (1976) (holding that federal inmates are not entitled to transcripts at government expense absent some showing of a particularized need); Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972) ("[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.") (citation omitted). Having failed to demonstrate a particularized need for the requested transcript, the Defendant's request must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for the production of a sentencing transcript at the Government's expense [Doc. 34], is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge